39 F.3d 208
 Ronnie G. VAIL; Richard A. Dixon; Bruce Lillequist; Larry
Stanley; Daryl L. Cooper; Timothy C. Gartland,
on behalf of all others similarly
situated,
Plaintiffs-
Appellants/Cross-Appellees,
v.
Jesse BROWN, or his successor, Secretary of the Department
of Veteran's Affairs, Defendant-Appellee/Cross-Appellant.
 Nos. 94-1858, 94-1860.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1994.
Decided Nov. 2, 1994.
 
 Davis A. Leen, Seattle, WA, argued, for appellants.
 Jennifer H. Zacks, Dept. of Justice, Washington, DC, argued, for appellee.
 Before BOWMAN, Circuit Judge, LAY, Senior Circuit Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge.
 LAY, Senior Circuit Judge.
 
 
 1
 This case involves a class action brought by military veterans who purchased homes under the Veterans Administration home loan guaranty program. It was originally argued before our Court on June 12, 1991. This Court's opinion modifying the district court's judgment was filed October 8, 1991. See Vail v. Derwinski, 946 F.2d 589 (1991) as amended, 956 F.2d 812 (8th Cir.1992). Without discussing the constitutional arguments submitted, we held that before the VA could obtain a recovery from a veteran under its indemnity contract, the VA must make a good faith attempt to provide reasonable personal notice to the indemnitor of the foreclosure sale. Id. at 594. On remand, the district court revised its opinion. This is an appeal from the district court's new order.[1] The veterans challenge that portion of the district court's order that holds the veterans, although entitled to notice, are not entitled to a structured hearing regarding the deficiency debt.
 
 
 2
 In denying a hearing, the district court stated:
 
 
 3
 The Court finds that a hearing is not, however, required in this case. The notice given, under the terms of this Order, is fully sufficient to permit the veteran to participate in the foreclosure sale and to exercise his or her pre-foreclosure options. In the Court's view, these procedures satisfy the requirements of the Fifth Amendment.
 
 
 4
 We agree with the reasoning of the district court.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The VA filed a timely cross-appeal on March 24, 1994. Fed.R.App.P. 4(a)(3). The VA voluntarily withdrew its cross-appeal on June 16, 1994